UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LISA P.,

                          Plaintiff,

                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,


                        Defendant.

_____

DECISION AND ORDER

20-CV-0379L


       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On August 18, 2016, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since February 1, 2015. (Dkt. #10-2 at 42). Her applications were initially denied. Plaintiff requested a hearing, which was held on July 17, 2018 via videoconference before administrative law judge ("ALJ") Larry Banks. The ALJ issued a decision on November 9, 2018, finding plaintiff not disabled. (Dkt. #10-2 at 42-57). That decision became the final decision of the Commissioner when the Appeals Council denied review on January 28, 2020. (Dkt. #10-2 at 1-3). Plaintiff now appeals.

       The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #11), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #12). For the reasons

set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

### I.      The ALJ's Decision

Plaintiff was born January 10, 1973, and was 42 years old on the alleged onset date, with a high school education and no past relevant work. (Dkt. #10-2 at 55). Her treatment records reflect a history of a spine disorder stemming from injuries sustained in a motor vehicle accident, which the ALJ found to be a severe impairment not meeting or equaling a listed impairment. (Dkt. #10-2 at 45).

Because the plaintiff's medical records also indicated a diagnosis of affective disorder, the ALJ applied the special technique for mental impairments. He determined that plaintiff has no more than mild limitations in understanding, remembering, or applying information, interacting with others, maintaining concentration, persistence and pace, and adapting or managing herself. (Dkt. #10-2 at 45). The ALJ accordingly concluded that plaintiff's mental impairment was non-severe. *Id*.

After reviewing the evidence of record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform light work, except that she requires the option to alternate between sitting and standing every 30 minutes as she works. Plaintiff cannot climb

ladders, ropes or scaffolds, and can no more than occasionally perform any postural movements, such as stooping. She cannot perform complex tasks. Due to limits in concentration and focus, she will be off task for approximately 5% of the workday. (Dkt. #10-2 at 46).

When presented with this RFC as a hypothetical, vocational expert Thomas A. Grzesik testified that such an individual could perform the representative light, unskilled positions of routing clerk, marking clerk, and collator operator. (Dkt. #10-2 at 56). The ALJ accordingly found plaintiff not disabled.

## II.     The ALJ's Assessment of Medical Opinion Evidence

Plaintiff chiefly alleges that the ALJ failed to properly evaluate or fully credit the medical opinions of plaintiff's treating pain medicine specialist, Dr. Cheryle Hart. (Dkt. #10-11 at 787-90).

On April 28, 2017 and October 18, 2017, Dr. Hart completed RFC reports for plaintiff, based on an unspecified history of prior treatment. (Dkt. #14 at 383-88).[1] She indicated that plaintiff was "very" limited in walking, standing, lifting and carrying, pushing, pulling, and climbing stairs. She further indicated that plaintiff had "moderate" limitations in sitting and using her hands. (Dkt. #10-11 at 787-90).

The ALJ gave Dr. Hart's opinions "great" weight, emphasizing their consistency with plaintiff's self-reported symptoms, and with the examination findings and opinion of consulting internist Dr. Nikita Dave.

Dr. Dave had examined plaintiff on October 20, 2016, and noted normal gait and stance, with no difficulties walking, standing, or rising from a chair, decreased lumbar spinal range of

---

[1] For reasons that are not entirely clear, both of Dr. Hart's reports deny that plaintiff was her patient. (Dkt. #10-11 at 786, 790). The record contains treatment notes cosigned by Dr. Hart in and after April 2017, so at the very least, the second of her opinions appears to have been based on a course of treatment of six months or more. Regardless, the parties appear to agree that Dr. Hart was one of plaintiff's treating sources. (Dkt. #10-12 at 834 et seq.).

motion with spinal tenderness, negative straight leg raising tests, full range of motion in the shoulders, hips, knees and ankles, normal reflexes, full extremity strength, full grip strength, and intact hand and finger dexterity. Dr. Dave opined that plaintiff has a "mild to moderate" limitation for prolonged standing, walking, lifting, carrying, pushing, pulling of heavy objects, and repetitive bending and twisting of the spine. (Dkt. #10-10 at 706-709). The ALJ afforded "great" weight to Dr. Dave's opinion, finding that the limitations she identified were well-supported by her objective findings, as well as by imaging studies and the objective findings of other care providers in the record. (Dkt. #10-2 at 53).

Plaintiff argues that the ALJ erroneously failed to fully incorporate the walking, standing, lifting and carrying limitations described by Dr. Hart into his RFC finding, even while purporting to give her opinions "great" weight, and thus reached an RFC finding that was not supported by substantial evidence.

The Court disagrees.

Initially, it is unclear that Dr. Hart's checking of boxes indicating that plaintiff was "very limited" in walking, standing, lifting and carrying was necessarily inconsistent with the ALJ's RFC finding, which limited plaintiff to a narrow range of light work, with, inter alia, a sit/stand position change option every 30 minutes, and no more than occasional engagement in any postural activity. Neither the forms Dr. Hart used, nor her narrative answers specifying that plaintiff's injuries stemmed from spinal injuries, quantified or defined any of the terms (e.g., "very limited," "moderately limited") by which plaintiff's level of limitation was being assessed.[2]

---

[2] Dr. Hart's endorsement of vague terms in her RFC report would have, in the absence of other credible medical opinion evidence as to plaintiff's exertional RFC, triggered a duty on the part of the ALJ to recontact her for clarification. However, an ALJ is not obligated to recontact a physician where, as here, the record otherwise contains sufficient evidence by which a well-supported disability determination can be made. *See Rachel W. v. Commissioner*, 2021 U.S. Dist. LEXIS 56931 at *13-*14 (W.D.N.Y. 2021) (where the record before the ALJ is complete enough form a disability determination, the ALJ is not required to recontact a medical source").

However, even assuming *arguendo* that the ALJ's RFC determination was inconsistent with Dr. Hart's opinion that plaintiff was "very" limited in standing, walking, lifting and carrying, such that the ALJ's RFC finding amounted to an implicit rejection of that level of limitation, the ALJ was free "to choose between properly submitted medical opinions." *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983). Here, the ALJ's RFC determination incorporated or exceeded all of the functional limitations described in Dr. Dave's opinion, as well as those contained in the July 21, 2015 opinion of examining orthopedist Dr. Donald Paarlberg, which the ALJ also gave "great" weight. (Dkt. #10-15 at 1147-50). In light of the fact that Dr. Hart's opinion suggested limitations in the same areas as those found by Dr. Dave and Dr. Paarlberg – albeit with less specificity, and less objective support than Dr. Dave and Dr. Paarlberg had included in their reports – the ALJ's finding that the three opinions were generally supportive of one another, and of his RFC determination, was not erroneous.

Overall, the RFC determined by the ALJ – limiting plaintiff to a range of light work with additional postural and nonexertional limitations – was well-supported by substantial evidence of record, including Dr. Dave's and Dr. Paarlberg's opinions, the bulk of Dr. Hart's opinions, plaintiff's treatment records, and plaintiff's testimony concerning her activities of daily living, such as regularly and independently caring for her dog, cooking, cleaning, doing laundry, and shopping. (Dkt. #10-2 at 53). *See Monserrate B. v. Commissioner*, 2021 U.S. Dist. LEXIS 118183 at *14-*15 (W.D.N.Y. 2021) (collecting cases, and holding that "an opinion of mild-to-moderate limitations in physical functioning is consistent with the demands of light work"). Because the ALJ's determination was supported by substantial evidence and was not the product of legal error, I decline to disturb it.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #11) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 10, 2021.